MARGARET A. MCLETCHIE, Nevada Bar No. 10931
PIETER M. O'LEARY, Nevada Bar No. 15297
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300
Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDRIA DEVORE, an individual,<br><br>Plaintiffs,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a municipal corporation; SHERIFF JOSEPH LOMBARDO, an individual; LIEUTENANT KURT MCKENZIE, an individual, UNKNOWN OFFICERS 1-12, individuals,<br><br>Defendants. | **Case. No.:** 2:22-cv-01045-CDS-BNW<br><br>**STIPULATION AND ORDER TO FILE AMENDED COMPLAINT AND EXTEND DISCOVERY** |

Plaintiff ALEXANDRIA DEVORE and Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT, SHERIFF JOSEPH LOMBARDO, and LIEUTENANT KURT MCKENZIE, by and through their respective counsel, hereby stipulate and agree to the following:

**I. AMENDMENT OF COMPLAINT.**

1. Plaintiff may file her First Amended Complaint, which adds two (2) additional officers, add various state claims, clarify state law claims in the proposed First Amended Complaint, add additional facts, and correct various misspellings and typographical errors. See proposed First Amended Complaint attached hereto as Exhibit 1.

2. In stipulating to allow Plaintiff to file their First Amended Complaint, Defendants do not waive any arguments and reserve the right to file a Motion to Dismiss the First Amended Complaint upon the filing of First Amended Complaint is filed and served.

**II. STATUS OF DISCOVERY**

3. Due to additional parties and claims being raised in the First Amended Complaint, the parties further agree to amend the discovery deadlines as follows.

    A.    **PLAINTIFFS' DISCOVERY.**

1. Plaintiff's Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1), dated October 3, 2022;

2. Plaintiff's Interrogatories to Defendant Las Vegas Metropolitan Police Department – Set One, dated October 26, 2022;

3. Plaintiff's Request for Production to Defendant Las Vegas Metropolitan Police Department – Set One, dated October 28, 2022;

    B.    **DEFENDANTS' DISCOVERY.**

1. LVMPD Defendants' Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1), dated October 3, 2022;

2. LVMPD Defendants' First Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1), dated November 30, 2022;

3. LVMPD Defendants' Second Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1), dated December 7, 2022;

4. LVMPD Defendants' Answers to Plaintiff Alexandria Devore's Interrogatories – Set One, dated November 28, 2022;

5. LVMPD Defendants' Answers to Plaintiff Alexandria Devore's Request for Production – Set One, dated December 7, 2022;

## II. **DISCOVERY THAT REMAINS TO BE COMPLETED.**

The Parties are actively conducting discovery. For the reasons explained below, the Parties will need additional time to propound written discovery and conduct depositions.

## III. **SPECIFIC DESCRIPTION OF WHY EXTENSION IS NECESSARY.**

This is the first request for an extension of discovery deadlines in this matter. The Parties request that the Discovery Plan and Scheduling Order deadlines be extended an additional ninety (90) days so that the Parties may continue to conduct discovery. The Parties acknowledge that, pursuant to Local Rule 26-3, a stipulation to extend a deadline set forth in a discovery plan must be submitted to the Court no later than twenty-one (21) days before the expiration of the subject deadline and must be supported by a showing of good cause. The deadlines the Parties seek to extend are outside of the twenty-one (21) day window. Here, there is good cause to extend the deadline.

The Parties respectfully request an extension of time to extend the discovery in this matter to enable to them to conduct necessary discovery in this matter and so that this matter is fairly resolved on the merits. "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Derosa v. Blood Sys., Inc.,* No. 2:13-cv-0137-JCM-NJK, 2013 U.S. Dist. LEXIS 108235, 2013 WL 3975764, at 1 (D. Nev. Aug. 1, 2013) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)); *see also* Fed. R. Civ. P. 1 (providing that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the Parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

The Parties have been diligently conducting discovery and continue to conduct discovery but an extension is still needed to efficiently continue discovery and manage the case. Plaintiffs recently filed their Motion for Leave to Amend Complaint to substitute the true names of two previously unnamed officers, which would add new Defendants to the case, and add six (6) new claims. Additionally, the Parties have met and conferred regarding a Stipulation and Order for Plaintiff to file the Amended Complaint. Given the recent

3

identification of officers involved in incidents set forth in the Complaint, the Parties require additional time to conduct further discovery and investigate the matter. Finally, the Parties together request this in good faith and to further the resolution of this complicated case on the merits, and not for any purpose of delay.

Additionally, counsel for the Parties in this matter are litigating several other unrelated matters (including against each other) which have competing demands. While competing demands of litigation are merely one of many reasons for the instant request, it should be noted that the other litigation between the same counsel involving similar issues can only benefit from the completion of discovery in this matter so that in other litigation, similar requests can be expedited and can further the resolution of those matters and the interests of justice. Finally, counsel for the Parties are in the preliminary stages of settlement discussions regarding this and other matters being litigated stemming from the Black Lives Matter Protests. Thus, the standards to extend all requested deadlines is satisfied here.

Based on the foregoing stipulation and proposed deadlines plan, the Parties thus respectfully request an extension of time to extend the discovery in this matter to enable to them to conduct necessary discovery in this matter.

### IV. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DEADLINES

The Parties propose to add ninety (90) days to all current deadlines:

| Item | Current Deadline | Proposed New Deadline |
|---|---|---|
| Amend Pleadings and Add Parties | February 7, 2023 | **Past/Unchanged** |
| Initial Expert Disclosures | March 9, 2023 | **June 9. 2023** |
| Rebuttal Expert Disclosures | April 8, 2023 | **July 10, 2023** |
| Discovery Cut-Off | May 8, 2023 | **August 7, 2023**[1] |
| Dispositive Motions | June 7, 2023 | **September 5, 2023** |
| Pretrial Order | July 7, 2023 | **October 5, 2023** (If dispositive motions are filed, the |

---

[1] Ninety (90) days after May 8, 2023, is Sunday, August 6, 2023.

| | | deadline for shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.) |
|---|---|---|

///

///

**IT IS SO STIPULATED.**

DATED this 28th day of March, 2023.  DATED this 28th day of March, 2023.

MCLETCHIE LAW                         MARQUIS AURBACH

*/s/ Margaret A. McLetchie*            */s/ Jackie V. Nichols*
Margaret A. McLetchie, Esq. (10931)    Jackie V. Nichols (14246)
Pieter M. O'Leary, Esq. (15297)        10001 Park Run Drive
Leo S. Wolpert, Esq. (12658)           Las Vegas, NV 89145
602 South Tenth St.                    E-mail: jnichols@maclaw.com
Las Vegas, NV 89101                    *Attorney for Defendants*
*Attorneys for Plaintiff*

## ORDER

IT IS ORDERED that ECF No. 26 is GRANTED in part and DENIED in part. It is granted in all respects except that the deadline for initial expert disclosures is not extended at this time, as the parties did not show excusable neglect for filing this motion after the deadline ran. *See* LR IA 6-1(a). The parties may seek to extend this deadline again if they can show excusable neglect.

**IT IS SO ORDERED**
**DATED:** 6:00 pm, March 29, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

5