**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Jackie V. Nichols, Esq.
Nevada Bar No. 14246
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
jnichols@maclaw.com
   Attorneys for Defendants Las Vegas Metropolitan
   Police Department, Sheriff Joseph Lombardo, Lt.
   Kurt McKenzie, Officer Sonny Uranich, and Officer
   Patrick Weslowski

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDRIA DEVORE, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a municipal corporation; SHERIFF JOSEPH LOMBARDO, an individual; LIEUTENANT KURT MCKENZIE, an individual, SONNY URANICH, an individual, PATRICK WESLOWSKI, an individual, UNKNOWN OFFICERS 3-12, individuals,<br><br>                Defendants. | Case Number:<br>22-cv-01045-CDS-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES**<br><br>**(SECOND REQUEST)** |

Plaintiff Alexandria Devore ("Plaintiff"), by and through her counsel of record, Margaret A. McLetchie, Esq., N. Pieter O' Leary, Esq. and Leo S. Wolpert, Esq., of McLetchie Law, and Defendants, the Las Vegas Metropolitan Police Department (the "Department" or "LVMPD"), Sheriff Joseph Lombardo ("Lombardo"), Lieutenant Kurt McKenzie ("McKenzie"), Officer Sonny Uranich ("Uranich") and Officer Patrick Weslowski ("Weslowski"), collectively ("LVMPD Defendants"), by and through their counsel of record, Craig R. Anderson, Esq. and Jackie V. Nichols, Esq., of Marquis Aurbach, hereby stipulate and agree to extend the Discovery Plan and Scheduling Order deadlines an additional one

MAC:14687-421 5112520_1 6/6/2023 4:02 PM

hundred twenty (120) days. This Stipulation is being entered in good faith and not for purposes of delay (supplemented information noted in **bold-face** type).

**I.   STATUS OF DISCOVERY.**

    **A.   PLAINTIFF'S DISCOVERY.**

        1.   Plaintiff's Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated October 3, 2022.

        2.   Plaintiff's Interrogatories to Defendant Las Vegas Metropolitan Police Department - Set One dated October 26, 2022.

        3.   Plaintiff's Request for Production to Defendant Las Vegas Metropolitan Police Department - Set One dated October 28, 2022.

        **4.   Plaintiff Alexandria Devore's Requests for Production to LVMPD - Set Two dated May 16, 2023.**

    **B.   DEFENDANTS' DISCOVERY.**

        1.   LVMPD Defendants' Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated October 3, 2022.

        2.   LVMPD's Answers to Plaintiff Alexandria Devore's Interrogatories - Set One dated November 28, 2023.

        3.   LVMPD Defendants' First Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated November 30, 2022.

        4.   LVMPD Defendants' Second Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1), dated December 7, 2022.

        5.   LVMPD's Responses to Plaintiff Alexandria Devore's Request for Production - Set One dated December 7, 2022.

        **6.   LVMPD's First Set of Interrogatories to Plaintiff Alexandria Devore dated April 21, 2023.**

        **7.   LVMPD's First Set of Requests for Production of Documents to Plaintiff Alexandria Devore dated April 21, 2023.**

MAC:14687-421 5112520_1 6/6/2023 4:02 PM

## II. DISCOVERY THAT REMAINS TO BE COMPLETED.

The Parties are actively conducting discovery. The Parties are working on depositions of named parties and witnesses. For the reasons explained below, the Parties will need additional time to propound written discovery, respond to written discovery, conduct depositions, and disclose experts.

## III. SPECIFIC DESCRIPTION OF WHY EXTENSION IS NECESSARY.

Pursuant to Local Rule 26-3, the Parties submit that good cause exists for the extension requested. This is the first request for an extension of discovery deadlines in this matter. The Parties acknowledge that, pursuant to Local Rule 26-3, a stipulation to extend a deadline set forth in a discovery plan must be submitted to the Court no later than 21 days before the expiration of the subject deadline, and that a request made within 21 days must be supported by a showing of good cause. Further, requests made after the expiration of the subject deadline will not be granted unless the Parties demonstrate that the failure to act was the result of excusable neglect. Here, most of the deadlines the Parties seek to extend are outside of the 21-day window, the deadline for initial expert disclosures, however, has passed. As such, the excusable neglect applies to the deadline for initial expert disclosures.

The Parties have been diligently conducting discovery and continue to conduct discovery. The Parties are working on scheduling the depositions of named parties and witnesses. LVMPD Defendants have discovery responses due on June 19, 2023. Additionally, Plaintiff has sought relief (ECF No. 38) from the Court's May 19, 2023, Order (ECF No. 37) and also filed a Motion for Leave to File a Second Amended Complaint to name previously unidentified Doe Officers and add additional causes of action (ECF No. 39). As such, the Parties will need additional time to propound written discovery, respond to written discovery, continue to resolve outstanding discovery disputes, and conduct depositions. The Parties contend an extension of discovery deadlines enables them to continue to conduct necessary discovery so that this matter is fairly resolved and give the experts the opportunity to review all discovery produced in this dispute.

MAC:14687-421 5112520_1 6/6/2023 4:02 PM

Finally, the Parties together request this in good faith and to further the resolution of this complicated case on the merits, and not for any purpose of delay.

As noted above, the good cause analysis is proper for the majority of dates the Parties seek to extend, however, this request is being made after the expiration of the initial and rebuttal expert disclosures, to which the "excusable neglect" standard is the appropriate standard.

The Parties meet both the good cause and excusable neglect standard. "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Derosa v. Blood Sys., Inc.,* No. 2:13-cv-0137-JCM-NJK, 2013 U.S. Dist. LEXIS 108235, 2013 WL 3975764, at 1 (D. Nev. Aug. 1, 2013) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)); *see also* Fed. R. Civ. P. 1 (providing that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

As the procedural history of this case illustrates, the Parties have been diligent in litigating this matter. The Parties have been diligently conducting discovery and continue to conduct discovery but an extension is still needed to efficiently continue discovery and manage the case. Plaintiff recently sought leave to file her Second Amended Complaint, which named defendants and added additional claims. Given the recent identification of officers involved in incidents set forth in the Complaint, the Parties require additional time to conduct further discovery and investigate the matter.

Additionally, counsel for the Parties in this matter are litigating several other unrelated matters against each other which are well-advanced and have competing demands, and while competing demands of litigation are merely one of many reasons for the instant request, it should be noted that the other litigation between the same counsel involving similar issues can only benefit from expanded discovery so that in other litigation, similar requests can be expedited because they may have been done at least in part in this case; in this case, it would be a matter of a universal benefit to the ends of justice and future efficiencies.  In addition,

MAC:14687-421 5112520_1 6/6/2023 4:02 PM

1 counsel for the Parties are in the preliminary stages of settlement discussions regarding this
2 and other matters being litigated stemming from the Black Lives Matter Protests. Finally,
3 counsel for Plaintiff is preparing for a trial in July that requires significant time and attention.
4 Further, counsel for Defendants is out of the jurisdiction for two (2) weeks during June,
5 compounding the need for an extension of the discovery deadlines.

6       The Parties meet the excusable neglect standard as well. There are at least four (4)
7 factors in determining whether neglect is excusable: "(1) the danger of prejudice to the
8 opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the
9 reason for the delay; and (4) whether the movant acted in good faith." *Erection Co. v. Archer*
10 *W. Contractors, LLC,* No. 2:12-cv-0612-MMD-NJK, 2013 U.S. Dist. LEXIS 159029, at *7
11 (D. Nev. Nov. 6, 2013) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd*., 507 U.S.
12 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable
13 one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer*,
14 507 U.S. at 395.

15       In this matter, the first factor concerning prejudice to the opposing party does not
16 apply, as the Parties have agreed to stipulate to an extension of time. The three (3) remaining
17 factors also weigh in favor of finding excusable neglect. In addition to submitting this as a
18 joint stipulation, the length of delay is modest. The Parties are only now moving to extend the
19 initial expert deadline because recently uncovered facts and information has illuminated the
20 need potential utilization of experts in this matter. In terms of potential impact on the
21 proceedings, those too are minimal, particularly in light of Plaintiff's outstanding Motion to
22 Amend Complaint and Motion for Relief and the Parties' diligence in litigating this matter.
23 Further, discovery is moving forward in a steady pace and the Parties are continuing to
24 conduct discovery and coordinate depositions. The third factor the court considers is the
25 reason for the delay. Here, the Parties moved diligently to extend the deadlines for initial and
26 rebuttal experts once recognizing the need to potentially utilize experts in this matter. Lastly,
27 the Parties bring this request jointly in good faith and not for any purpose of delay.

28       Thus, the standards to extend all requested deadlines is satisfied here.

MAC:14687-421 5112520_1 6/6/2023 4:02 PM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

IV. **PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DEADLINES**

|  | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Amend Pleadings and Add Parties | February 7, 2023 | **Past/Unchanged** |
| Initial Expert Disclosures | March 9, 2023 | **September 7, 2023** |
| Rebuttal Expert Disclosures | April 8, 2023 | **October 7, 2023** |
| Discovery Cut-Off | August 7, 2023 | **December 5, 2023** |
| Dispositive Motions | September 5, 2023 | **January 3, 2024** |
| Pretrial Order | October 5, 2023 | **February 2, 2024** (If dispositive motions are filed, the deadline shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.) |

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

MAC:14687-421 5112520_1 6/6/2023 4:02 PM

Based on the foregoing stipulation and proposed deadlines plan, the Parties request that the Discovery Plan and Scheduling Order deadlines be extended additional one hundred twenty (120) days so that the parties may conduct additional discovery and conduct depositions.

Dated this 6th day of June, 2023.                   Dated this 6th day of June, 2023.

MCLETCHIE LAW                                        MARQUIS AURBACH

By: */s/ Margaret A. McLetchie*                     By:     */s/ Jackie V. Nichols*
    Margaret A. McLetchie, Esq.                        Craig R. Anderson, Esq.
    Nevada Bar No. 10931                               Nevada Bar No. 6882
    N. Pieter O' Leary, Esq.                           Jackie V. Nichols, Esq.
    Nevada Bar No. 15297                               Nevada Bar No. 14246
    Leo S. Wolpert, Esq.                               10001 Park Run Drive
    Nevada Bar No. 12658                               Las Vegas, Nevada 89145
    602 South 10th Street                              Attorneys for Defendants Las Vegas
    Las Vegas, Nevada 89101                            Metropolitan Police Department,
    Attorneys for Plaintiff Alexandria                 Sheriff Joseph Lombardo, Lt. Kurt
    Devore                                             McKenzie, Officer Sonny Uranich, and
                                                       Officer Patrick Weslowski

**ORDER**

IT IS SO ORDERED this 8th day of June, 2023.

_____
United States District Court Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES (SECOND REQUEST)** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 6th day of June, 2023.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

/s/ Krista Busch
An employee of Marquis Aurbach