MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300
Fax: (702) 425-8220
Email: efile@nvlitigation.com
*Counsel for Plaintiff Alexandria Devore*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDRIA DEVORE, an individual,<br><br>Plaintiffs,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a municipal corporation; SHERIFF JOSEPH LOMBARDO, an individual; LIEUTENANT KURT MCKENZIE, an individual, SONNY URANICH, an individual, PATRICK WESLOWSKI, an individual, UNKNOWN OFFICERS 3-12, individuals,<br><br>Defendants. | Case No.: 2:22-cv-01045-CDS-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES**<br><br>**(FIFTH REQUEST)** |

Plaintiff Alexandria Devore ("Plaintiff"), by and through her counsel of record, Margaret A. McLetchie, Esq. and Leo S. Wolpert, Esq., of McLetchie Law, and Defendant, the Las Vegas Metropolitan Police Department (the "Department" or "LVMPD"), by and through their counsel of record, Nick D. Crosby, Esq., of Marquis Aurbach, hereby stipulate and agree to extend the Discovery Plan and Scheduling Order deadlines an additional sixty (60) days. This Stipulation is being entered in good faith and not for purposes of delay (supplemented information noted in bold-face type).

I.   **STATUS OF DISCOVERY.**

   A.   **PLAINTIFF'S DISCOVERY.**

   1.   Plaintiff's Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated October 3, 2022.

   2.   Plaintiff's Interrogatories to Defendant Las Vegas Metropolitan Police Department - Set One dated October 26, 2022.

   3.   Plaintiff's Request for Production to Defendant Las Vegas Metropolitan Police Department - Set One dated October 28, 2022.

   4.   Plaintiff Alexandria Devore's Requests for Production to LVMPD - Set Two dated May 16, 2023.

   5.   Plaintiff Devore's Responses to LVMPD's First Set of Requests for Production of Documents dated July 12, 2023.

   6.   Plaintiff Devore's Answers to LVMPD's First Set of Interrogatories dated July 12, 2023.

   7.   Plaintiff's First Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated July 12, 2023.

   B.   **DEFENDANTS' DISCOVERY.**

   1.   LVMPD Defendants' Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated October 3, 2022.

   2.   LVMPD's Answers to Plaintiff Alexandria Devore's Interrogatories - Set One dated November 28, 2023.

   3.   LVMPD Defendants' First Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated November 30, 2022.

   4.   LVMPD Defendants' Second Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1), dated December 7, 2022.

5.    LVMPD's Responses to Plaintiff Alexandria Devore's Request for Production - Set One dated December 7, 2022.

6.    LVMPD's First Set of Interrogatories to Plaintiff Alexandria Devore dated April 21, 2023.

7.    LVMPD's First Set of Requests for Production of Documents to Plaintiff Alexandria Devore dated April 21, 2023.

8.    LVMPD's Responses to Alexandria Devore's Requests for Production of Documents - Set Two dated July 17, 2023.

9.    LVMPD Defendants' Third Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1), dated July 17, 2023.

## II.   DISCOVERY THAT REMAINS TO BE COMPLETED.

The Parties have been engaged in settlement negotiations in an effort to resolve Plaintiff's claims. The Parties are working on depositions of named parties and witnesses. For the reasons explained below, the Parties will need additional time to propound written discovery, respond to written discovery, conduct depositions, and disclose experts.

## III.   SPECIFIC DESCRIPTION OF WHY EXTENSION IS NECESSARY.

Pursuant to Local Rule 26-3, the Parties submit that good cause exists for the extension requested. This is the **fifth** request for an extension of discovery deadlines in this matter. The Parties acknowledge that, pursuant to Local Rule 26-3, a stipulation to extend a deadline set forth in a discovery plan must be submitted to the Court no later than 21 days before the expiration of the subject deadline, and that a request made within 21 days must be supported by a showing of good cause. Further, requests made after the expiration of the subject deadline will not be granted unless the Parties demonstrate that the failure to act was the result of excusable neglect. Here, all of the deadlines the Parties seek to extend are outside of the 21-day window.

The Parties have been diligently conducting discovery and continue to conduct discovery. The Parties are working on scheduling the depositions of named parties and

witnesses. The Parties previously entered into a stay of the discovery deadlines pending settlement discussions, but to no avail. (See ECF Nos. 57 and 60.) The Parties contend an extension of discovery deadlines enables them to continue to conduct necessary discovery so that this matter is fairly resolved and give the experts the opportunity to review all discovery produced in this dispute. Finally, the Parties together request this in good faith and to further the resolution of this complicated case on the merits, and not for any purpose of delay.

The Parties thus respectfully request an extension of time to extend the discovery in this matter to enable to them to conduct necessary discovery in this matter and so that this matter is fairly resolved on the merits. "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Derosa v. Blood Sys., Inc.,* No. 2:13-cv-0137-JCM-NJK, 2013 U.S. Dist. LEXIS 108235, 2013 WL 3975764, at 1 (D. Nev. Aug. 1, 2013) (*quoting Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992)); *see also* Fed. R. Civ. P. 1 (providing that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). As the procedural history of this case illustrates, the Parties have been diligent in litigating this matter. The Parties are continuing to engage in written discovery and have begun coordinating the taking of depositions.

Additionally, counsel for the Parties in this matter are litigating several other unrelated matters against each other which are well-advanced and have competing demands, and while competing demands of litigation are merely one of many reasons for the instant request, it should be noted that the other litigation between the same counsel involving similar issues can only benefit from expanded discovery so that in other litigation, similar requests can be expedited because they may have been done at least in part in this case; in this case, it would be a matter of a universal benefit to the ends of justice and future efficiencies.

As noted in the previous stipulation extending discovery in this matter (ECF No. 66), Counsel for Plaintiffs have faced unprecedented personal and professional challenges in

2024, including the deaths of two parents and changes in attorneys at the firm. Since then, counsel for Plaintiffs have been diligently working through the backlog these challenges have caused, but still need more time for scheduling the final portions of discovery. These circumstances further compound the need for an extension of the discovery deadlines. Thus, the standards to extend all deadlines, including the expert deadlines, are satisfied here.

## IV. PROPOSED SCHEDULE FOR REMAINING DEADLINES

|  | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Amend Pleadings and Add Parties | February 7, 2023 | **Past Due/Unchanged** |
| Initial Expert Disclosures | August 9, 2024 | **Past Due/Unchanged** |
| Rebuttal Expert Disclosures | December 9, 2024 | **Past Due/Unchanged** |
| Discovery Cut-Off | January 6, 2025 | **March 7, 2025** |
| Dispositive Motions | February 5, 2025 | **April 7, 2025**[1] |
| Pretrial Order | March 6, 2025 | **May 5, 2025** (If dispositive motions are filed, the deadline shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.) |

Based on the foregoing stipulation and proposed deadlines plan, the Parties request that the Discovery Plan and Scheduling Order deadlines be extended additional sixty (60) days so that the parties may conduct additional discovery, conduct depositions and efficiently litigate the case based on the merits.

Dated this 16th day of December, 2024.         Dated this 16th day of December, 2024.

MCLETCHIE LAW                                   MARQUIS AURBACH

By: /s/ Leo S. Wolpert                          By: /s/ Nick D. Crosby
　　Margaret A. McLetchie, Esq.                 　　Nick D. Crosby, Esq.
　　Nevada Bar No. 10931                        　　Nevada Bar No. 8996

---

[1] 60 days from February 5, 2025, is Sunday, April 6, 2025.

| | |
|---|---|
| Leo S. Wolpert, Esq.<br>Nevada Bar No. 12658<br>602 South 10th Street<br>Las Vegas, Nevada 89101<br>Attorneys for Plaintiff Alexandria Devore | 10001 Park Run Drive<br>Las Vegas, Nevada 89145<br>Attorneys for Defendant Las Vegas Metropolitan Police Department |

**ORDER**

The above Stipulation is hereby GRANTED.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 16, 2024